

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**          February 24, 1961

Mr. R. L. Lattimore
Criminal District Attorney
Hidalgo County
Edinburg, Texas

> Opinion No. WW-999
>
> Re: Whether the consent of the
> mother to the marriage of
> a minor child is sufficient
> under Article 4605, V.C.S.,
> and Articles 404 and 405
> V.P.C., where both parents

Dear Mr. Lattimore:          are alive.

In your letter requesting an opinion from this office, you ask whether consent to the marriage of a minor child by a mother alone is sufficient if the father is living.

Articles 404 and 405, Vernon's Penal Code, read as follows:

> "If the clerk of any county court or other officer authorized by law to issue a license for marriage shall, without the consent of the parent or guardian of the party applying, or if there be no parent or guardian without the consent of the county judge of the county of the residence of such minor, issue a marriage license to a male person under the age of twenty-one years or to a female under the age of eighteen years, he shall be fined not exceeding one thousand dollars. Acts 1860, p. 101; Acts 1911, p. 63.

> "If both parents of any minor be alive, the consent of the father alone shall be sufficient to authorize the issuance of license to the minor. Acts 1858, p. 186."

It is a basic rule of statutory interpretation that when the intent of a statute is plainly expressed in the

language thereof, it must be given effect without attempting to construe or interpret the law. 39 Tex. Jur. 168, Statutes, Sec. 90. "Primarily, the intention and meaning of the Legislature must be ascertained from the language of a statute, read as a whole. . . . If the statutory language clearly and distinctly reveals the legislative intent, there is no occasion to look elsewhere." 39 Tex. Jur. 176, Statutes, Sec. 93.

Articles 404 and 405 were originally enacted as companion statutes on February 12, 1858 (1 Gammel's Laws of Texas, pp. 185, 186), and must be read together. The wording of Article 405 clearly indicates that the father's consent alone is sufficient to authorize the issuance of the license by the county clerk when both parents of the minor are alive and negates any possibility of the sufficiency of the consent of the mother alone if the father is alive.

Article 4605, Vernon's Civil Statutes, provides in part:

". . . no female under the age of eighteen (18) years and no male under the age of twenty-one (21) years shall enter into the marriage relation, nor shall any license issue therefor, except upon the consent and authority expressly given by the parent or guardian of such underage applicant in the presence of the authority issuing such license; provided further that if the certificate of a duly licensed medical doctor or osteopath, acknowledged before an officer authorized by law to take acknowledgments and stating that such parent or guardian is unable by reason of health or incapacity to be present in person, is presented to such licensing authority, the license may issue on the written consent of such parent or guardian, acknowledged in the same manner as the accompanying medical certificate. . . ."

"It is a settled rule of statutory interpretation that statutes which deal with the same general subject . . . are considered as 'in pari materia' (in relation to the same matter), although they contain no reference to one another, and although they were passed at different times or at different sessions of the Legislature." 39 Tex. Jur. 253, Statutes, Sec. 135. Applying this rule of interpretation, it is the opinion of this office that the "parent" referred

to in Article 4605, Vernon's Civil Statutes, is the father if both parents are alive and, of course, the mother if she is the sole living parent. Further, when Article 2957, Revised Civil Statutes, 1895 (now Article 4605) was amended in 1911 (Acts of the Thirty-second Legislature, Regular Session, 1911, Chapter 42, page 63), the plural form "parents," which had been employed since the original enactment in 1837 (1 Gammel's Laws of Texas, page 1294), was amended to "parent," removing any uncertainty or ambiguity that might arise from the use of the plural form.

### SUMMARY

Consent of the mother alone to the marriage of a minor child is insufficient under Article 4605, Vernon's Civil Statutes and Articles 404 and 405, Vernon's Penal Code, where both parents are alive.

Yours very truly,

WILL WILSON
Attorney General of Texas

By *Dudley D. McCalla*

Dudley D. McCalla
Assistant

DDM:hmc

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

William T. Blackburn
Leon F. Pesek
John C. Steinberger

REVIEWED FOR THE ATTORNEY GENERAL
BY: Morgan Nesbitt